IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ISAAC LEGARETTA,
and JOHN or JANE DOES 1-20,

     Plaintiff,

vs.

FERNANDO MACIAS, Dona Ana County
Manager, DIRECTOR BRYAN BAKER, an
0fficial with the Dona Ana County Detention
Center, CAPTAIN BEN MENDOZA, an official
with the Dona Ana County Detention Center,
CAPTAIN JOSHUA FLEMING, an official with
the Dona Ana County Detention Center, and JOHN
Or JANE DOES 1-20,

     Defendants.

Case No. 21-cv-179 MV/GBW

## ORDER

**THIS MATTER** comes before the Court on Plaintiff Isaac Legaretta's Complaint for Injunctive and Declaratory Relief. Doc. 1. Although Plaintiff did not file a separate motion requesting emergency relief, the Complaint requests, inter alia, that the Court "[e]nter an immediate TRO and a preliminary injunction enjoining the Defendants from terminating, demoting, or taking any negative action against Plaintiff for refusing to take a non-mandatory unapproved vaccine." *Id.* at 9. The Court finds it appropriate to set an expedited briefing schedule on this request, rather than issue an emergency order on an *ex parte* basis.

Plaintiff, who is an employee at the Dona Ana County Detention Center, alleges that County Manager Fernando Macias issued a Mandatory COVID-19 Vaccine Directive (the "Directive"), requiring first responders to receive a COVID-19 vaccination as a condition of ongoing employment. *Id.* ¶ 3. According to Plaintiff, the Directive "is in direct violation" of

federal law, specifically 21 U.S.C. § 360bbb-3, entitled "Authorization for medical products for use in emergencies," and thus is preempted by federal law. *Id.* ¶¶ 6, 12-13. On this basis, Plaintiff seeks a declaratory judgment that the Directive is preempted by § 360bbb-3. *Id.* ¶ 14. Plaintiff further alleges that he is in "imminent danger" of being terminated from his job for refusing to be vaccinated, which termination would be a violation of his constitutional rights under the Fourteenth Amendment. *Id.* ¶¶ 5, 15-20. On this basis, Plaintiff seeks an injunction preventing his termination or, if he has already been terminated, requiring Defendants to reinstate him. *Id.* ¶¶ 21-22.

This Court is authorized to issue a temporary restraining order "without written or oral notice to the adverse party or its attorney" only if two conditions are met: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Here, Plaintiff's attorney did not certify in writing any efforts to give notice or the reasons why notice should not be required. There is no record on the docket that Defendants have so far been served. Nor would Plaintiff's service alone satisfy the requirements of Rule 65(b)(1). Further, as Plaintiff has not been terminated and as a result of his refusal to take the vaccine has received only a "Coaching/Counseling Acknowledgement," which specifically states that "coaching/mentoring is not considered a form of discipline and is solely used as a tool for performance management," *see* Doc. 1 Ex. B, the Court finds that the facts alleged by Plaintiff do not clearly show that immediate and irreparable injury, loss, or damage will result to Plaintiff before Defendants can be heard in opposition. The Court thus finds no grounds to issue an order without providing Defendants with an opportunity to respond. It will, however, order an expedited briefing schedule on Plaintiff's Motion.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff must effect service of a copy of this Order, together with the Complaint [Doc. 1], and any attachments thereto, to be received by Defendants **no later than 5:00 p.m. Mountain Standard Time (MST) on Thursday, March 4, 2021**, notwithstanding any previous attempts made by Plaintiff to serve Defendants. Proof of any service done pursuant to this Order shall be filed with the Clerk of Court as soon as practicable.

2. If Defendants oppose Plaintiff's Motion, a written response shall be filed with the Court and served on Plaintiff no later than **Monday, March 15, 2021 at 5:00 p.m**.

3. Plaintiff's reply, if any, shall be filed with the Court and served on Defendants no later than **Friday, March 19, 2021 at 5:00 p.m**.

4. The Court will set a hearing on this matter if it finds that such a hearing is necessary.

DATED this 4th day of March 2021.

_____
MARTHA VAZQUEZ
United States District Judge