IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**ISAAC LEGARETTA, ANTHONY**
**ZOCCOLI and JOHN or JANE DOES 1-20,**

      **Plaintiff,**

v.                                                                   No. 2:21-cv-00179-MV-GBW

**FERNANDO MACIAS, Dona Ana County**
**Manager, DIRECTOR BRYAN BAKER, an**
**Official with the Dona Ana County Detention**
**Center, CAPTAIN BEN MENDOZA, an official**
**with the Dona Ana County Detention Center,**
**CAPTAIN JOSHUA FLEMING, an official with**
**the Dona Ana County Detention Center, COUNTY**
**OF DONA ANA and JOHN or JANE DOES 1-20,**

      **Defendants.**

**DEFENDANTS MACIAS, BAKER, MENDOZA, FLEMING AND**
**COUNTY OF DONA ANA'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE**

      COME NOW Defendants Macias, Baker, Mendoza, Fleming, and County of Dona Ana[1], by and through undersigned counsel, and hereby offer the following Response to Plaintiffs' Motion to Strike.

**I.   THE LOCAL RULES SPECIFICALLY ALLOW SUPPLEMENTAL AUTHORITY.**

      Plaintiffs' Motion to Strike is based on a fundamental misconception, namely that a notice of relevant supplemental authority is somehow a pleading governed by Fed. R. Civ. P. 15.  Of course, it is not. Plaintiffs complain that the defendants have made the Court aware of other authorities and information after the filing of the Motion to Dismiss. However, this Court's Rules, specifically DNM LR-7.8, allow the filing of supplemental authorities, and could even be read as encouraging it under the circumstances of this case, in which the question of law to be decided

---

[1] Dona Ana County has never been served and it appears that no summons has been issued to the County.

regarding the validity of the specific vaccine mandate at issue is currently being addressed by other courts and governmental authorities. In this case, the supplemental materials clearly fall under LR-7.8(b), as they are "pertinent and significant authorities" that came out following initial briefing on Defendants' Motion to Dismiss. Thus, Plaintiffs' complaints regarding the supplemental authorities are frivolous and lack a good faith basis in law. Thus, the Court should deny the Motion to Strike and award Defendants their costs in having to respond to this baseless motion.

## II.     A PARTY MAY NOT MOVE TO STRIKE NON-PLEADINGS.

Even if the Court's Rules did not explicitly provide for supplemental filings, a party may not move to strike non-pleadings. As Judge Browning has explained, when presented with a motion to strike a notice of briefing complete:

> Under rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). By its express language, rule 12(f) applies only to material contained in a "pleading." The Federal Rules of Civil Procedure includes within "pleadings" that may be filed: a complaint, an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim; and, "if the court orders one, a reply to an answer." Fed.R.Civ.P. 7(a)(1–7). Although the Federal Rules of Civil Procedure state what pleadings are permitted, but do not define pleadings, the pleadings allowed under the rules state the respective parties' positions regarding the basis of the lawsuit. Specifically, the pleadings provide the parties' factual assertions—which are the only factual assertion on which a court may rely in ruling on a motion to dismiss and on a ruling for judgment on the pleadings—bases for relief and defenses. Under the rules, a party may therefore move to strike a pleading that pleads an insufficient defense, and redundant, immaterial, impertinent, or scandalous matter, as such information is either immaterial or improper for a court to consider at the pleading stage.
>
> …
>
> "Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." 2 James Moore, Milton

> I. Shadurupdates & Mary P. Squiers, *Moore's Federal Practice* § 12.37[2], at 12–128 (3d ed.2012). *See Ysais v. N.M. Judicial Standard Comm'n,* 616 F.Supp.2d at 1184 (same). The Court has generally disfavored motions to strike, and has refused to strike matters that are not pleadings. In *Ysais v. N.M. Judicial Standard Comm'n,* where the plaintiff argued that the Court should dismiss the defendants' motion to dismiss, contending that it was "frivolous and baseless," the Court concluded that it could not properly strike the motion, as "[i]t complie[d] with the local rules, and it [was] not a 'pleading' subject to a motion to strike." 616 F.Supp.2d at 1191. Similarly, in *Applied Capital, Inc. v. Gibson,* the Court refused the plaintiff's request to strike, because rule 12(f) applies only to pleadings, and not to a motion to dismiss, notwithstanding the plaintiff's argument that the Court should strike the motion as there had already been a default judgment entered against the plaintiff and he did not therefore have standing to move to dismiss the complaint. *See* 2007 WL 5685131, at *18. In *Great Am. Ins. Co. v. Crabtree,* the Court denied the plaintiff's motion to strike exhibits attached to the defendant's motion to dismiss, because they were not pleadings and were not irrelevant. *See* 2012 WL 3656500, at *18. In deciding not to strike the attached exhibits, the Court noted: If the Court struck from the record everything it did not consider on a motion, it would spend a lot of time polishing the record. Also, with the Court being paperless and everything appearing on CM/ECF, it is unclear what the procedural difference in the modern computer world is between striking some information and ignoring it. *Great Am. Ins. Co. v. Crabtree,* 2012 WL 3656500, at * 18. Accordingly, the Court will not strike the Notice of Completion of Briefing.

*Estate of Anderson v. Denny's Inc.*, 291 F.R.D. 622, 634–35 (D.N.M. 2013).

Under that reasoning, there is no basis in the Rules to strike the supplemental authority. Further, it is unclear what the plaintiffs' goal would be, to have the Court make a less informed decision? In any event, there is no basis to strike the materials from the record, especially since this District specifically allows supplemental authority.

**III.  THE COURT SHOULD DENY THE MOTION FOR SURREPLY.**

Plaintiff requests the opportunity to file a surreply. The Local Rules limited the time to file a response to 7 days. *See* DNM LR-7.8(c). Specifically, 7.8(c) states that any response to the supplement "must be filed within seven (7) days…" That time has now expired with respect to the

3

supplements Plaintiff complained about. Further, the first supplement was actually filed before Plaintiffs filed their response to the motion. Thus, any response to the initial supplemental authority should have been included in the response to the motion or filed within 7 days of the supplements. Moreover, Defendants' filings of the supplemental authorities purposely did not include argument regarding the relevance of the materials submitted; it simply brought the authorities to the Court's attention; thus it is unclear what form a "surreply" would even take or what purpose it would serve. As such, the Court should deny the request for surreply.

### IV. THE PLAINTIFFS DID NOT FOLLOW THE LOCAL RULES IN THE FILING OF THEIR MOTION.

Local Rule 7.1(a) requires that parties seek concurrence from the opposing party prior to filing a motion and state the opposing in the motion. Here, Plaintiffs did not seek consent from the defendants prior to filing their motion. Thus, for yet another reason, the Court should deny the motion to strike and deny leave to file a surreply.

### CONCLUSION

For the foregoing reasons, Defendants' respectfully request that the Court deny Plaintiffs' Motion to Strike, grant Defendants their costs in having to respond to this baseless motion, and grant all other relief the Court deems appropriate.

Respectfully submitted:

NEW MEXICO ASSOCIATION OF COUNTIES

*/s/ Brandon Huss*
BRANDON HUSS
DAVID A. ROMAN
111 Lomas Blvd. Ste. 424
Albuquerque, New Mexico 87102
(505) 820-8116
bhuss@nmcounties.org
droman@nmcounties.org
*Attorneys for Defendants Macias, Baker, Mendoza, Fleming, and County*

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2021, I filed the foregoing pleading electronically through the CM/ECF system, which caused all counsel of record to be served electronically, as more fully reflected on the Notice of Electronic Filing.

/s/ Brandon Huss
BRANDON HUSS